MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Andrew D. Skale (SBN 211096)
adskale@mintz.com
Michael R. Graif (*Pro Hac Vice Forthcoming*)
mrgraif@mintz.com
Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

*Attorneys for Plaintiff Umbra LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UMBRA LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MHM INC.,<br><br>Defendant. | Case No. 2:23-cv-7449<br><br>**COMPLAINT FOR:**<br>**PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Umbra LLC ("Umbra" or "Plaintiff"), for its Complaint against defendant MHM, Inc. ("MHM" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

2. This action arises out of MHM's knowing and willful violation of Umbra's protected intellectual property rights.

3. MHM is distributing and selling picture frame products ("Accused Products") that infringe Umbra's rights in U.S. Patent No. D731,799 (the "'799 Patent"). Umbra seeks a permanent injunction prohibiting MHM from infringing and profiting from Umbra's intellectual property, as well as damages sufficient to compensate Umbra for MHM's previous, ongoing, and future infringement.

## THE PARTIES

4. Plaintiff Umbra is a New York limited liability company having its principal place of business at 1705 Broadway Street, Buffalo, New York 14212. Umbra does business in this judicial district.

5. On information and belief, Defendant MHM is a corporation existing under the laws of the state of California, with a registered principal address and office at 639 S. Bradshawe Ave., Monterey Park, CA 91754. On information and belief, MHM does business in this judicial district.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338.

7. This Court has both general and specific personal jurisdiction over MHM because it is a corporation organized under the laws of California, resides in this judicial district, and has committed acts of patent infringement in this judicial district.

8. MHM has continuous and systematic business contacts with the state of California, directly or through intermediaries such as retailers, including by regularly and continuously transacting and doing business in California, including this district, and conducts business in California by shipping, distributing, offering for sale, selling and advertising the Accused Products in California, including the Central District of California. *See*, *e.g.*, https://www.amazon.com/MHM-Glass-Floating-Pressed-Flowers/dp/B0BJS3BJWP/ref=sr_1_1?crid=2HJ5MGTL8RWIQ&keywords=B0BJS3BJWP&qid=1692552642&sprefix=b0bjs3bjwp%2Caps%2C284&sr=8-1&th=1 (Last accessed August 17, 2023).

9. MHM, directly or through subsidiaries and intermediaries such as retailers, has purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers, including in the Central District of California.

10. MHM sells and offers for sale its infringing products to customers in this district, at least through at least Amazon.com.

11. Accordingly, this Court has specific jurisdiction over MHM in connection with this action, and its contacts with California are continuous and systematic to such an extent that MHM is subject to the general jurisdiction of California and this Court. Therefore, the exercise of jurisdiction over MHM is appropriate under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). Venue is proper at least because MHM is incorporated in the State of California, and its principal office address, mailing address, street address, and service address are located in this district at 639 S. Bradshawe Ave, Monterey Park, CA 91754.

## BACKGROUND AND ASSERTED PATENT

13. Over a period of more than 30 years, Umbra has developed and maintained valuable intellectual property rights and goodwill in the United States and worldwide. Umbra has invested substantial amounts of money, time, and resources in developing and maintaining its intellectual property assets, which include patents, trademarks, and trade dress, and associated goodwill. Among the innovative products that Umbra has developed and patent-protected is the PRISMA picture frame, which practices the ’799 Patent and is marked pursuant to 35 U.S.C. § 287.

14. On or about May 22, 2014, Umbra filed a design patent application, Application No. 29/491,851, with the United States Patent and Trademark Office (“USPTO”).

15. After a full and fair examination, the USPTO duly and legally issued the ’799 Patent, titled “Picture Frame,” on March 6, 2018. A true and correct copy of the ’799 Patent is attached as Ex. A.

16. Umbra owns by assignment all rights, title, and interest in the ’799 Patent with full rights to enforce the ’799 Patent and sue to recover for past, present, and future damages.

17. The ’799 Patent is valid and enforceable.

18. The ’799 Patent is generally directed to a novel design for a picture frame. Ex. A

19. On or around early 2023, Umbra became aware of MHM’s Accused Products.

20. On March 29, 2023, counsel for Umbra sent a cease and desist letter to MHM regarding its infringement of the ’799 Patent. Ex. B.

21. Specifically, the March 29, 2023 letter identified the MHM infringing products being sold on Amazon (“Accused Products”). *Id.*

22. Umbra also demanded that MHM immediately cease and desist from any and all manufacture, use, offer for sale, sale or importation of the Accused Products, immediately recall all Accused Products, disclose the total number of Accused Products existing in inventory, destroy all existing inventory of Accused Products, confirm in writing that MHM had accomplished the foregoing, provide an accounting, and provide the contact information for all suppliers, manufacturers, distributors, and retailers of the Accused Products. *Id.*

23. MHM did not respond to the letter and has continued to willfully infringe the ’799 Patent through its manufacture, use, offer for sale, sell and/or import of the Accused Products, resulting in substantial ongoing harm to Umbra. To protect its interests, Umbra now files this action.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 9,907,799**
**(35 U.S.C. § 271)**

24. Umbra incorporates by reference each and every allegation contained in the Paragraphs of this Complaint as though fully set forth herein.

25. The Accused Products and MHM’s willfully infringing activities violate one or more subsections of 35 U.S.C. § 271.

26. MHM, through its agents, employees, and/or servants, has knowingly, intentionally, and willfully infringed one or more claims of the ’799 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing the Accused Products.

27. The Accused Products include at least a product called a “Glass Floating Frame for Pressed Flowers.”

28. For example, the Accused Products are available for sale at Amazon. *See, e.g.*, Ex. C https://www.amazon.com/MHM-Glass-Floating-Pressed-Flowers/dp/B0BJS3BJWP/ref=sr_1_1?crid=2HJ5MGTL8RWIQ&keywords=B0BJS3BJWP&qid=1692552642&sprefix=b0bjs3bjwp%2Caps%2C284&sr=8-1&th=1

(last accessed September 7, 2023).

29. Under 35 U.S.C. § 271(a), MHM directly infringes the ’799 Patent by making, using, offering for sale, selling, and/or importing the Accused Products in the United States. A comparison between the patented design and the Accused Products is shown below:




30. MHM also induced its distribution partners to infringe by encouraging them to sell, and/or offer to sell the Accused Products.

31. Through the above acts, MHM encouraged, instructed, and aided its manufacturers, distributors, end users, and customers to make, use, sell, and/or offer to sell Accused Products that infringe at the ’799 Patent.

32. MHM has had knowledge of the ’799 Patent and has been aware that the Accused Products infringe one or more claims of the ’799 Patent since at least as early as Umbra’s cease and desist letter to MHM, dated March 29, 2023. Additional information establishing an earlier date of first knowledge may be identified during discovery.

33. Accordingly, MHM knew of the ’799 Patent and knew or should have known that its encouraging, instructing, and aiding of manufacturers, distributors, end users, and customers to make, use, sell, and/or offer to sell the Accused Products would result in direct infringement and intended to cause those acts which constitute that direct infringement. Alternatively, or additionally, MHM has been willfully blind to its infringement.

34. Thus, MHM’s continued infringing acts after its knowledge of the ’799 Patent and its infringing acts renders MHM’s conduct willful and its inducement of others intentional infringement.

35. MHM’s above activities have been without authority and/or license, express or implied, from Umbra.

36. MHM has profited from and will continue to profit from its infringing activities.

37. Umbra has been and will continue to be damaged and irreparably harmed by MHM’s infringing activities. As a result, Umbra is entitled to injunctive relief and damages adequate to compensate it for such infringement, in no event less than a reasonable royalty or MHM’s total profits, in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289. The amount of monetary damages MHM’s acts of infringement have caused to Umbra cannot be determined without an accounting.

38. Pursuant to 35 U.S.C. § 284, Umbra also claims and seeks enhanced treble damages, together with interests and costs as fixed by this Court.

39. The harm to Umbra from MHM’s ongoing willful infringing activity is irreparable, continuing, and not fully compensable by money damages, and will continue unless MHM’s infringing activities are enjoined.

40. Pursuant to 35 U.S.C. § 285, Umbra also claims and seeks reasonable attorneys’ fees for the necessity of bringing this claim in this exceptional case.

**PRAYER FOR RELIEF**

WHEREFORE, Umbra respectfully requests the Court grant the relief set forth below:

1. A judgment that Defendant has directly infringed, either literally or under the Doctrine of Equivalents, one or more claims of the ’799 Patent;

2. A judgment that Defendant has indirectly infringed the ’799 Patent by inducing its customers, distributors, and end users to directly infringe the ’799 Patent;

3. A permanent and/or preliminary injunction against Defendant, its officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participation with Defendant, including distributors, retailers, and others, enjoining them from further infringement of the ’799 Patent;

4. A judgment awarding Umbra all appropriate damages pursuant to 35 U.S.C. §§ 284 and 289 for Defendant’s past infringement, and any continuing or future infringement of the Asserted Patents, including both pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

5. A judgement that Defendant’s acts of patent infringement were willful and awarding Umbra enhanced damages pursuant to 35 U.S.C. § 284;

6. A finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Umbra be awarded its reasonable attorneys’ fees against Defendant incurred in prosecuting this action;

7. An accounting for infringing sales not presented at trial and an award by the Court of supplemental damages for any such infringing sales; and

8. In addition, that the Court award such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Umbra hereby demands a trial by jury of all issues so triable.

Dated: September 8, 2023

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*
Andrew D. Skale (SBN 211096)
Michael R. Graif (*Pro Hac Vice Forthcoming*)
Arameh Z. O'Boyle (SBN 239495)

*Attorneys for Plaintiff Umbra LLC*